feet down an elevator pit while delivering merchandise on a sidewalk elevator appurtenant to defendant's premises Nos. 13–21 Park. Row, borough of Manhattan, New York, and used in connection therewith. The elevator ran from the sidewalk level in front of the building to the basement and sub-basement and was at the time at the sidewalk level. After the plaintiff and another employee opened the gates, which covered the shaft, they placed the barrel of glucose in an upright position upon the elevator by rolling it along the outer side of the elevator shaft so that one end projected a few inches over the elevator platform, which was six inches below the level of the walk; and then, lifting the other end up gradually; thereafter they stepped on to the platform of the elevator for the purpose of shifting the barrel toward the center of the platform, and when they put the barrel on or got on and were· endeavoring to move it or had moved it a little, the platform tilted or sagged or inclined downward at the north end and immediately thereafter dropped north end first, carrying plaintiff, who was at the north end, with it to the bottom of the shaft.

*E. C. Sherwood* and *Charles Stewart Davison* for appellant.

*Frank C. Laughlin* and *L. H. Schleider* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: Hiscock, Ch. J., Hogan, Cardozo, Pound, McLaughlin, Crane and Andrews, JJ.

---

Carmine Gibbia, an Infant, by Salvatore Gibbia, His Guardian ad Litem, Respondent, *v.* Hyman Sklamberg, Appellant.

Salvatore Gibbia, Respondent, *v.* Hyman Sklamberg, Appellant.

*Negligence — streets — child run over by wagon running up on sidewalk.*

*Gibbia* v. *Sklamberg* (2 cases), 203 App. Div. 850, affirmed.

(Argued June 13, 1923; decided July 13, 1923.)

Appeal, by permission, in each of the above-entitled actions from a judgment of the Appellate Division of the

Supreme Court in the first judicial department, entered October 26, 1922, unanimously affirming a judgment in favor of plaintiff entered upon a verdict. The first action was to recover for personal injuries sustained by plaintiff through the negligence of the defendant. The second action was by the father of the plaintiff in the first action to recover for loss of services resulting from the same accident. The evidence showed that on March 12, 1919, while the infant plaintiff was playing on the sidewalk in front of the premises No. 1019 Second avenue, in the city of New York, he was struck and run over by the defendant's wagon, which ran up on the sidewalk while attempting to turn around, and sustained a compound fracture of his right arm, and injuries to his right leg, which necessitated its amputation twice above the knee.

*Harold R. Medina, Murray G. Jenkins, William B. Shelton* and *William Dike Reed* for appellant.

*William J. Roche* and *George J. McDonnell* for respondents.

Judgment in each case affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, CRANE and ANDREWS, JJ. Dissenting: McLAUGHLIN, J.

---

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* ROSARIO TARANTOLO, Appellant.

*Crimes — unlawfully possessing revolver — judgment of conviction affirmed.*

People v. *Tarantolo*, 202 App. Div. 707, affirmed.

(Argued June 13, 1923; decided July 13, 1923.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered June 9, 1922, which affirmed a judgment of the Court of Special Sessions of the city of New York convicting the defendant of unlawfully possessing a revolver.

*Edward J. Reilly* for appellant.

*Charles J. Dodd, District Attorney (Harry S. Sullivan* and *Henry J. Walsh* of counsel), for respondent.